United States District Court
District of Massachusetts

|  |  |
|---|---|
| Jeffery A. Souza, ) | |
|       Plaintiff, ) | |
| v. ) | Civil Action No. 24-12771-NMG |
| Andrea Joy Campbell et al., ) | |
|       Defendants. ) | |

MEMORANDUM & ORDER

GORTON, J.

Now pending is the motion of petitioner, Jeffery Souza ("petitioner"), to stay his petition for writ of habeas corpus which is opposed by respondents. For the reasons set forth below, petitioner's motion will be denied.

I. **Background**

In 2016, petitioner was convicted by a jury of second-degree murder, assault and battery with a firearm and unlawful possession of a loaded firearm, in violation of Massachusetts law. A Massachusetts Superior Court judge sentenced petitioner to life in prison with the possibility of parole.

Petitioner sought review from the Massachusetts Appeals Court, which consolidated the case with petitioner's direct appeal to the Massachusetts Supreme Judicial Court ("SJC"). On appeal, the SJC determined that the Superior Court had erred by excluding certain character evidence but that such error was

harmless. In the interim, petitioner filed motions for a new trial and for reconsideration, both of which were denied.

In November, 2024, petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §2254, asserting, among other things, that the Superior Court erred by declining to admit certain character evidence and that his trial counsel was ineffective. Petitioner now moves for this Court to stay his habeas petition so that he can exhaust an outstanding claim that his appellate counsel was also ineffective.

## II. Legal Standard

A federal court can entertain a petition for habeas corpus only after the petitioner has exhausted all of his available state-law remedies. Ex parte Hawk, 321 U.S. 114, 117 (1944). In limited circumstances, a court may hold a habeas petition in abeyance to afford petitioner an opportunity to exhaust any remaining state-law claims. Rhines v. Weber, 544 U.S. 269, 275-78 (2005). Stays in abeyance are, however, the exception. As such, the Court will enter a stay only if: 1) there is good cause for a petitioner's failure to exhaust his state-law remedies, 2) the claims raised in his petition are potentially meritorious and 3) the petitioner has not engaged in any dilatory tactics. Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278). The petitioner bears the burden of establishing each factor. Rhines, 544 U.S. at 277.

## III. Analysis

Petitioner suggests there is good cause for a stay in this case because his appellate counsel was allegedly ineffective for failing to raise significant legal issues on appeal. The First Circuit Court of Appeals has been clear, however, that an appellate attorney's decision to omit claims from a state-level appeal "cannot amount to good cause" for a stay, Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007), even if that decision was the result of "[i]gnornace of the law." Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007).

Other sessions of this Court have similarly declined to issue stays based upon claims of ineffective assistance of appellate counsel. See, e.g., Watt v. Marchilli, 217 F. Supp. 3d 434, 440 (D. Mass. 2016); Wood v. Ryan, 268 F. Supp. 3d 297, 301 (D. Mass. 2017); Sullivan v. Saba, 840 F. Supp. 2d 429, 437 (D. Mass. 2012). Petitioner therefore fails to meet the "high bar" required to show good cause, Watt, 217 F. Supp. 3d at 440. Because a stay is unwarranted in this case and this Court is without jurisdiction to entertain a habeas petition that has not been fully exhausted, see Ex parte Hawk, 321 U.S. at 117, the pending petition will be dismissed.

## ORDER

For the foregoing reasons, the motion of petitioner, Jeffery Souza, for a stay (Docket No. 14) is **DENIED** and his petition for habeas corpus (Docket No. 1) is dismissed.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 11, 2025